IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIDWEST INNOVATIVE PRODUCTS, LLC, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Civil Action No. 1:16-cv-11005 |
| KINAMOR INC., and KINNECO, LLC, | ) ) ) *Document electronically filed.* |
| Defendants. | ) ) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Midwest Innovative Products, LLC ("Midwest"), by and through counsel, hereby files this Complaint for Patent Infringement against Defendants Kinamor Inc. and Kinneco, LLC (collectively, "Kinamor"). Midwest alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for infringement of U.S. Patent No. 9,413,101 entitled "Electrical Cord Connection Covering Techniques" ("the '101 patent") under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284 and 285.

**PARTIES**

2. Plaintiff Midwest Innovative Products, LLC is an Illinois limited liability company with its principal place of business at 9370 W. Laraway Road, Suite E, Frankfort, Illinois 60423.

3. On information and belief, Defendant Kinamor Inc. is a Connecticut corporation with its principal place of business at 63 North Plains Industrial Road, Wallingford, Connecticut 06492.

4. On information and belief, Defendant Kinneco, LLC is a Connecticut limited liability company with its principal place of business at 63 North Plains Industrial Road, Wallingford, Connecticut 06492.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this patent infringement action under 28 U.S.C. §§ 1331 and 1338(a).

6. Upon information and belief, this Court has personal jurisdiction over the Defendants at least because the Defendants transact business in Illinois, including: (i) at least a portion of the infringements alleged herein, and (ii) regularly doing or soliciting business in Illinois, engaging in other persistent courses of conduct in Illinois, maintaining continuous and systematic contacts in Illinois, purposefully availing themselves of the privileges of doing business in Illinois, and/or deriving substantial revenue from goods and services provided to individuals in Illinois.

7. Further, upon information and belief, Defendants regularly and consistently advertise, sell, and/or offer for sale their infringing and related products, including the accused CordSafe system (discussed below), in this district.

8. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, among other reasons, Defendants have transacted business in the State of Illinois and committed, and continue to commit, acts of patent infringement in Illinois.

## FACTUAL BACKGROUND

9. The '101 patent is owned by Plaintiff Midwest and was duly issued by the United States Patent and Trademark Office on August 9, 2016. A true and correct copy of the '101 patent is attached hereto as Exhibit A.

2

10. Midwest makes and sells a line of products, the "Twist and Seal" products, that protect electrical cord connections. Midwest's electrical cord connection covering systems are described in the '101 patent.

11. Defendants provide manufacturing services and manufacture safety products. Upon information and belief, with knowledge of the '101 patent, Defendants make, use, offer to sell, and/or sell in the United States, and/or import into the United States without authority, electrical cord connection covering systems which implement the technology and inventions embodied by one or more claims of the '101 patent.

12. By way of example, Defendants make and sell an electrical cord connection covering system by the name "CordSafe." The CordSafe system is a plastic molding that "snaps together and holds the plugs firmly in place" and contains "gasketed ends" that "make the CordSafe water-resistant, creating a tighter seal around the ends of the product," as shown:



*The CordSafe*, Kinneco, http://www.kinneco.com/products/cordsafe.php (last visited Dec. 1, 2016).

13. Defendants had knowledge of the '101 patent at least by July 27, 2016, when Midwest sent Defendants a letter specifically identifying the '101 patent and explaining that

3

Defendants' CordSafe system infringed, and continues to infringe, at least claim 1 of the '101 patent.

14. Midwest contacted Defendants again on August 26, 2016, and October 25, 2016, explaining in further detail that Defendants' CordSafe system infringes at least claim 1 of the '101 patent, and requesting that Defendants cease and desist from offering and selling their infringing CordSafe system.

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 9,413,101

15. The allegations of preceding paragraphs 1 through 14 are realleged and incorporated by reference as if fully set forth herein.

16. Upon information and belief, under 35 U.S.C. § 271(a), Defendants have directly infringed and continue to directly infringe, literally or under the doctrine of equivalents, at least claim 1 of the '101 patent by making, using, offering to sell, and/or selling within the United States, and/or importing into the United States, without authority, electrical cord connection covering systems including, for example, at least Defendants' CordSafe system.

17. Defendants' CordSafe system infringes at least claim 1 of the '101 patent because it contains each and every element recited in the claim.

18. Claim 1 of the '101 patent claims:

1. An electrical cord covering system for covering a connection of a first electrical cord including a first plug and a first cable with a second electrical cord including a second plug and a second cable, wherein the electrical cord covering system comprises:

a first covering portion including:
 a first casing piece and a second casing piece connected by a hinge;
 a first securing portion attached to the first casing piece, and a second securing portion attached to the second casing piece, wherein the first securing portion and the second securing portion are configured to mate to hold the first covering portion in a closed position;

4

    wherein when the first covering portion is in the closed position, the first covering portion includes a hollow interior region, a cable aperture, and a plug aperture;
    wherein the hollow interior region is configured to accommodate a portion of the first cable and the first plug;
    wherein the cable aperture includes an opening between the hollow interior region and a region exterior to the first covering portion, wherein the cable aperture is configured to accommodate the first cable and allow the first cable to pass from the hollow interior region and the region exterior to the first covering portion; and
    wherein the plug aperture includes an opening between the hollow interior region and the region exterior to the first covering portion, wherein the plug aperture is configured to permit the first plug to mate with the second plug;
  a first compression portion abutting the first casing piece, wherein the first compression portion comprises a groove configured to receive a portion of the first cable;
  a second compression portion abutting the second casing piece, wherein the second compression portion comprises a groove configured to receive a portion of the first cable, wherein the first compression portion and the second compression portion are configured to engage with each other to form a channel, and wherein the channel surrounds a portion of the first cable when the first covering portion is in the closed position such that a compression seal is formed around the first cable at the cable aperture of the first covering portion;
  a second covering portion including:
    a third casing piece and a fourth casing piece connected by a hinge;
    a third securing portion attached to the third casing piece, and a fourth securing portion attached to the fourth casing piece, wherein the third securing portion and the fourth securing portion are configured to mate to hold the second covering portion in a closed position;
    wherein when the second covering portion is in the closed position, the second covering portion includes a hollow interior region, a cable aperture, and a plug aperture;
    wherein the hollow interior region is configured to accommodate a portion of the second cable and the second plug;
    wherein the cable aperture includes an opening between the hollow interior region and a region exterior to the second covering portion, wherein the cable aperture is configured to accommodate the second cable and allow the second cable to pass from the hollow interior region and the region exterior to the second covering portion;
    wherein the plug aperture includes an opening between the hollow interior region and the region exterior to the second covering portion,

    wherein the plug aperture is configured to permit the second plug to mate with the first plug; and

    wherein the second covering portion is configured to engage with the first covering portion;

  a third compression portion abutting the third casing piece, wherein the third compression portion comprises a groove configured to receive a portion of the second cable; and

  a fourth compression portion abutting the fourth casing piece, wherein the second compression portion comprises a groove configured to receive a portion of the second cable, wherein the third compression portion and the fourth compression portion are configured to engage with each other to form a channel, and wherein the channel surrounds a portion of the second cable when the second covering portion is in the closed position such that a compression seal is formed around the second cable at the cable aperture of the second covering portion.

19. Referring to claim 1 of the '101 patent, Defendants' CordSafe system is an electrical cord covering system comprising a first and second covering portion, labelled (1) and (2) in the graphic to the right. *See The CordSafe*, Kinneco, http://www.kinneco.com/products/cordsafe.php (last visited Dec. 1, 2016). The covering portions of the CordSafe system each include two casing pieces connected by a hinge as shown below. A securing portion is attached to each casing piece, the two securing portions being configured to mate to hold the covering portion  in a closed position. When the covering portion is in the closed position, it includes (1) a hollow interior region configured to accommodate a portion of a cable and the cable's plug, (2) a cable aperture including an opening between the hollow interior region and a region exterior to the covering portion wherein the cable aperture is configured to accommodate the cable and allow the cable to pass from the hollow interior region and the region exterior to the covering portion, and (3) a plug aperture including an opening between the hollow interior region and the region exterior to the covering portion wherein the plug aperture is configured to permit the plug to

mate with another plug. Each covering portion of Defendants' CordSafe system also includes two compression portions, one abutting each casing piece. Each compression portion comprises a groove configured to receive a portion of the cable. The compression portions of a covering portion are configured to engage with each other to form a channel wherein the channel surrounds a portion of the cable when the covering portion is in the closed position such that a compression seal is formed around the cable at the cable aperture of the covering portion. Thus, Defendants' CordSafe system contains every element of claim 1 of the '101 patent as shown in the marked graphic of the first covering portion below. *See The CordSafe*, Kinneco, http://www.kinneco.com/products/cordsafe.php (last visited Dec. 1, 2016).



20. Upon information and belief, under 35 U.S.C. § 271(b), notwithstanding their knowledge of the '101 patent and having multiple written notices from Midwest that their CordSafe system infringes at least claim 1 of the '101 patent, Defendants have actively, knowingly, and intentionally induced, and continue to induce, direct infringement, either literally

or under the doctrine of equivalents, by its customers of at least claim 1 of the '101 patent, including by intentionally developing, marketing, advertising and/or providing the CordSafe system with knowledge (and/or willful blindness) of the infringement and specific intent that third parties, such as customers, will use the accused system in the United States. As a result, third parties have directly infringed at least claim 1 of the '101 patent.

21. Upon information and belief, as part of and as a result of Defendants' inducement, Defendants' customers have used, and continue to use, the CordSafe system which directly infringes, either literally or under the doctrine of equivalents, at least claim 1 of the '101 patent.

22. Defendants had actual knowledge of their customers' direct infringement, either literal or under the doctrine of equivalents, and that Defendants' actions induced such direct infringement since at least August 9, 2016, when the '101 patent issued, including because Midwest explicitly put Defendants on notice that the CordSafe system infringes at least claim 1 of the '101 patent on July 27, 2016, August 26, 2016, and October 25, 2016.

23. Defendants have deliberately persisted in their infringing acts despite their knowledge of the '101 patent and being given explicit notice that the CordSafe system infringed at least claim 1 of the '101 patent, and how it infringed, by at least July 27, 2016, when Midwest sent Defendants a letter explaining that Defendants' CordSafe system infringed at least claim 1 of the '101 patent. Midwest further explained how Defendants' CordSafe system infringed and requested that Defendants cease and desist such infringement on August 26, 2016, and October 25, 2016. Despite this knowledge, Defendants continued to and still continue to make, use, offer for sale, sell, and/or import the CordSafe system in and/or into the United States. As such, Defendants' infringement is willful.

24.     Midwest believes that Defendants will continue to infringe at least claim 1 of the '101 patent unless and until Defendants are enjoined by this Court.

25.     Defendants, by way of their infringing activities, have caused and continue to cause Midwest to suffer damages in an amount to be determined, and have caused and are causing Midwest irreparable harm in the form of at least lost market share and loss of good will. Midwest has no adequate remedy at law against Defendants' acts of infringement and, unless Defendants are enjoined from their infringement of at least claim 1 of the '101 patent, Midwest will continue to suffer irreparable harm.

26.     Midwest is entitled to recover from Defendants damages at least in an amount adequate to compensate for their infringement, which amount has yet to be determined.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Midwest hereby demands a jury trial on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE,** Midwest prays for judgment as follows:

A.     A judgment that Defendants directly infringe and have directly infringed, literally and/or under the doctrine of equivalents, and indirectly infringe and have indirectly infringed one or more of the claims of the '101 patent;

B.     A judgment that Defendants induce and have induced direct infringement of one or more claims of the '101 patent;

C.     An order preliminarily and permanently enjoining Defendants and their officers, directors, agents, servants, employees, affiliates, divisions, branches, subsidiaries, parents,

affiliates, and all others acting in concert or privity with any of them from infringing and inducing infringement of one or more claims of the '101 patent;

D.	An award of damages to Midwest to which it is entitled under 35 U.S.C. § 284 for Defendants' past infringement and any continuing or future infringement up until the date Defendants are finally and permanently enjoined from further infringement, including compensatory damages;

E.	An award to Midwest of pre- and post-judgment interest on its damages;

F.	A declaration that this case is exceptional and an award to Midwest of its reasonable costs and expenses in this action, including reasonable attorneys' fees under 35 U.S.C. § 285 and other applicable statutes or laws, including interest;

G.	A judgment that Defendants' infringement is and has been willful and an order trebling and/or enhancing Midwest's damages under 35 U.S.C. § 284; and

H.	An award to Midwest of such other and further relief as this Court may deem just and proper.


Dated: December 1, 2016	Respectfully submitted,

/s/ Patrick J. Arnold Jr.
Patrick J. Arnold Jr. (No. 6203666)
Katherine E. Ramlose (No. 6321349)
McANDREWS, HELD & MALLOY, LTD.
500 West Madison Street, Suite 3400
Chicago, Illinois 60661
Telephone: (312) 775-8000

*Attorneys for Plaintiff,*
Midwest Innovative Products, LLC